85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Guy ERDMAN, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Kenneth L. McGinnis, Defendants,
Henry Grayson, Warden; S. Grant; L. Walters; J. Drefkye;
J. Cooke, Defendants-Appellees.
Defendants-Appellees.
 No. 95-1754.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Dennis Guy Erdman, a pro se Michigan state prisoner, appeals the entry of summary judgment for the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Erdman sued a number of employees of the Michigan Department of Corrections (MDOC) alleging denials of his rights to access to the courts and equal protection, and cruel and unusual punishment. The district court dismissed as frivolous the complaint against the MDOC and its director, and Erdman is not appealing that order. The remaining defendants moved to dismiss or for summary judgment, arguing that Erdman had not been deprived of access to the courts, or alternatively, that they were entitled to qualified immunity. The district court found that no genuine issue was raised and granted summary judgment to the defendants. This appeal followed.
 
 
 3
 Upon review, we conclude that defendants were properly granted summary judgment, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 Erdman alleged denial of access to the courts on three occasions. The first instance involved a refusal to send a complaint by certified mail because Erdman lacked sufficient funds in his account. Erdman alleged that his case was dismissed for failure of service. Prison regulations state that certified mail will not be provided at the state's expense absent a court order. Erdman could have avoided dismissal of his case by moving the court for substitute service. If the motion were denied, defendants would have paid to send the complaint by certified mail. On two other occasions, Erdman alleged that a fellow inmate working in the law library did not help him locate forms he needed. He did not establish that his problems in the latter two instances resulted in any negative effect on his pending lawsuits. Because Erdman failed to establish prejudice to any pending lawsuit resulting from the defendants' actions, they were properly granted summary judgment. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 5
 Erdman's remaining claims also failed to raise genuine issues of material fact. He alleged a denial of equal protection, but failed to allege that he is a member of a suspect class. See Charles v. Baesler, 910 F.2d 1349, 1357 (6th Cir.1990). Finally, he alleged that he was subjected to cruel and unusual punishment when, on one occasion, he was unable to purchase personal hygiene supplies because he had depleted his inmate account with photocopying and postage charges. No Eighth Amendment violation was established by this allegation, as Erdman showed neither a serious deprivation of necessities nor a culpable state of mind on the part of the defendants. See Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994).
 
 
 6
 For all of the above reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.